**Burke v. Demillier**

**634**

*Paul P. Ackourey,* for plaintiffs.
*George P. Skumanick,* for defendants.

VANSTON, *P.J.,* August 11, 1992—Plaintiffs have brought this action in ejectment, seeking to compel the removal of a dock erected by the defendants on the shoreline of Lake Carey and extending into the lake. The matter has been submitted to the court on a stipulated fact basis (see the order of this court dated May 26, 1992, in the above matter). At the request of counsel, the court also viewed the realty and dock in question on August 10, 1992, in the presence of counsel.

The dock is approximately 30 feet in length and 6 feet in width. It is constructed of wood on wooden pilings and is used for recreational boating and swimming purposes. The defendants built the dock in 1991 on the shoreline owned by the plaintiffs. They did not seek the permission of the plaintiffs prior to doing so.

Defendants do not own realty on the shoreline. They own several lots some distance from the water and must cross the lands of the plaintiffs in order to reach the dock. The parties trace their titles to a common grantor—Thomas. When Thomas conveyed to the defendants' predecessor in title, the deed contained the following grant:

"Said ... grantors ... agree and hereby make a condition of this deed that they do grant to said grantees the use

of 53 feet of land owned by the said grantors along water (Lake Carey) for the landing of boats and bathing, only, and it is understood that no buildings or structures whatever (sic) shall be built by the said grantees...." See Deed of Thomas, et ux, to Brittian, et ux., October 9, 1928, Wyoming County Deed Book 89, p. 382.

By the time the defendants acquired their land in 1985, the language in the deed was modified somewhat to read:

"Under and subject to any and all exceptions, reservations, conditions, covenants, restrictions and agreements contained in the chain of title and together with the rights and privileges of the grantors of landing boats upon the lake-front of land formerly owned by Thomas W. Thomas and the right to use lake-front of lands formerly of Thomas W. Thomas for swimming, bathing and all other rights of riparian owner together with all other rights and privileges which the grantors acquired to the above-described premises from their predecessors in title." See Deed of Falvo, et ux, to DeMillier, et ux., September 24, 1985, Wyoming County Deed Book 237, p. 117.

In a brief utterly devoid of Pennsylvania citation or authority, defendants argue that implicit in "riparian rights" is the right to erect a dock or wharf. Alternatively, they argue that implicit in the express right to "land boats" is the right to erect a dock.

A riparian owner is an owner of land bounded by a water course. As to a non-navigable lake,[*] the owner's riparian rights are determined by the express terms of his deed and not his status as a "riparian owner." *Lakeside*

---

[*] Non-navigable is defined as not usable for commercial shipping purposes. See *Lakeside Park v. Forsmark, supra.* Lake Erie is navigable. Lake Carey is not.

*Park v. Forsmark,* 396 Pa. 389, 153 A.2d 486 (1959). A person cannot be a "riparian" owner unless he owns either the shore or the bed of the lake. Since defendants own neither, their status must be determined solely upon the express grant made in their deed.

By reference, the deed to defendants refers to the 1928 deed of Thomas to Brittian which defines the use to which the servient tenement may be put: The landing of boats and bathing. Further, it is clear that no structures may be built upon the shoreline.

A "structure" is defined as "something built or constructed." *Webster's New World Dictionary,* 1989. The dock in question is obviously a structure.

As defendants could not acquire any greater rights than those held by their predecessors in title, they are bound by the "no structures" condition. Their argument that a dock is impliedly necessary for the landing of boats is specious.

As the dock constitutes a continuing trespass upon the lands of the plaintiffs, the remedy in ejectment is appropriate. The removal of the dock, however, will negate any damage that plaintiffs may have suffered. Indeed, plaintiffs have not attempted to prove any diminution in value of their realty. Accordingly, they are not entitled to an award of damages.

## ORDER

And now, August 11, 1992, for the reasons set forth in the opinion of the court of even date, it is ordered that the verdict of the court is in favor of the plaintiffs and against the defendants, and the clerk of courts is

directed to enter judgment in ejectment in favor of the said plaintiffs and against the said defendants.

It is further ordered that the defendants are directed to remove their dock, together with all pilings and supports, from the lands of the plaintiffs and the waters of Lake Carey, and shall not relocate the said dock within the waters of Lake Carey adjacent to or touching the aforesaid lands of the plaintiffs.